Reese, J.
delivered the opinion of the court.
This is an action of ejectment to recover two hundred and seventy-eight acres of land, lying in Lawrence county. The lessors of the plaintiff are the heirs at law of Davis Kicrease, who was grantee of the land sought to be recovered. The defendant was in possession of the land at the time suit was brought; he read on the trial a deed of conveyance to himself from John Brown, and a deci’ee of the chancery court at Columbia, in favor of John Brown against the lessors of the plaintiff, divesting the said lessors, the heirs of Davis Kilcrease, of all title to said tract of 278 acres, and vesting the same in the said John Brown. It was contended on the trial, that this decree is altogether void. It was held by the court, in the .charge to the jury, that, although the chancery proceedings were imperfect, and the decree irregular and erroneous, yet it was not void; and the jury found a verdict for the defendant, upon which judgment was given; to reverse which, this appeal in error is prosecuted: and here, the only question is, as to whether the decree in question is *388 void. The case made out in Brown’s bill, in substance, is, that being the owner of a large amount of land warrants, he placed them in the hands of Davis Kilcrease, who entered them and obtained grants thereon in his own name, and among the rest for the 278 acre tract; that in 1823, upon a settlement between them, on account of these tranSactionsj Davis Kilcrease'gave to him his bond, which is exhibited with the bill,. and therein acknowledged that Brown was equally interested with himself in $55! a.cres of land specified, including the 278 acre tract, and covenanting that 'he would convey the one half of said land when called on. The land lies within the district embraced by' the chancery court at Columbia. . The bill stated that the said Davis died intestate in 1824; that the lessors of the plaintiff were his heirs at law, and that one Thomas Townsend had been appointed their guardian; and prays: to make them parties and to have partition of the land, and to have their, title divested' as to his share; and prays process. Subpoenas, against each-of the heirs at. law, were twice issued to Maury county, and were returned by the sheriff not found, and that the defendants were not inhabitants of the State. Upon the return of the alias subpoenas, at the September term of the chancery court, 1829, the complainant, • in open court, filed an affidavit in the case,-stating, in substance, that, after the death of Davis Kilcrease, the widow married one Thomas Townsend, who was made guardian of the heirs at law, in the county of Lawrence, and then they all moved off to the State of Mississippi, where they then resided, and where, he believed, Townsend was re-appointed guardian. (Before the hearing, a record of this appointment was filed.) Now, upon the face of this bill, and the state of facts shown in the affidavit, it is most obvious that the court of phancery had jurisdiction of the'subject matter, by the express provisions of the acts of 1825, ch. 22, and 1827, ch. 42. It was a bill to divest out of the defendants title to land lying within the jurisdiction of the court. The complainant claimed the equitable title, first, because he had been owner of the warrants, and, secondly,.because the ancestor of defendants had covenanted.to convey; and the object of the bill was to divest *389 out of the defendants, upon whom the mere legal title had descended, that legal title, and to vest the same in the complainant. Of such a subject matter, the said acts, in terms, expressly gives to. the chancery court jurisdiction, and directs that such- rules and meaiis of giving notice to non-resident defendants, shall and may be had and taken, as have heretofore been in force and are used against absconding and non-. resident defendants. The court thus having jurisdiction of the subject matter, by express statutory grant, without actual notice or personal process, suppose, — after the affidavit we have quoted, made September 1829, which concludes with a prayer to the court, “that such order may be made hereupon, and upon the records, as the court. may think right, to compel the appearance of .the defendanl s,” — suppose, we say, that the next and only further' thing, which the record of the suit presented, was. the entry made the next year, December 1830,. which commences as follows: “John Brown vs. Kleber Kilcrease, Frances Kilcrease and Harriet Kil-crease, heirs of Davis Kilcrease, deceased: This day, the 7th December, 1830, this cause came on to be heard before the honorable Nathan Green, chancellor, on bill taken pro confes-so against said defendants, exhibits and proof in the-cause, it appeared,” &c. Sueh decree, appealed from, might, perhaps, be held to be erroneous and irregular, because not setting forth a pro confesso taken after publication made. But would it, while remaining unreversed, be held to be void in a collateral proceeding? I think it would not, the record showing jurisdiction over the subject matter, and this-upon the general ground so distinctly stated in the case of Peacock vs. Bell and Kindal, 1 Saunders’ R. 74, where it is said, “the rule for jurisdiction is, that nothing shall be intended to be out of the jurisdiction of a superior court, but that which specially- appears to be so; and, on the contrary, nothing shall be intended to bé within the jurisdiction of an inferior court, but that which is so expressly alleged” — by “inferior -court,’’ understanding a court of peculiar, special and limited jurisdiction. But the record in the case before us,-is not as supposed; for, at the March term, 1830, is this entry in the case: “John Brown vs. the heirs of Davis Kilcrease, deceased, of *390 whom Thomas Townsend is the supposed guardian: on motion and it appearing to the satisfaction of the court that publication has been made for the defendants, (meaning for the appearance of the defendants,) according to the order heretofore made in this court, it is ordered that complainant’s bill be taken pro confesso, and set for hearing ex parte against the defendants at the next term of the court.” At the previous term, being the term at which Brown filed his affidavit for publication, no order, indeed, is found as above recited; but “at the December rules, 1829, the clerk makes an order that publication be made six successive weeks in the National Banner and Nashville Whig, a newspaper in the town of Nashville, for Kleber Kilcrease, Frances Kilcrease and Harriett Kilcrease, heirs of Davis Kilcrease, deceased, of whom Thomas Townsend is supposed to be guardian.” This order is supposed, in argument, to be defective and void, and to render the subsequent decree void, because it does not contain the words, “to appear at the next term of court,” specifying it; and this because the act of 1787, ch. 22, sec. 1, provides in the cases set forth, that “the court may make an order directing and appointing the defendant or defendants to appear at a certain day therein named,” and to make publication, &c.
The acts of 1825 and 1827 provide only that such rules and means of nolice shall be adopted as were in force and use. The organization and practice of chancery courts had changed very much, and the courts had been empowered to make, and had made rules on this general subject, and the clerk and master had been empowered to do many things at rules which were before done in court, and among others, orders of publication and pro confesso, &c. The important thing is not the order or memorandum of the clerk, at the rules, for a publication, but is the publication itself, in such terms as will give definite notice. The fact of publication, the act of 1801 provides, may be proved to the court by the production of the newspaper. The record in this case states that it appeared to the satisfaction of the court, that it had been made; that is sufficient. The court is not bound to show the proofs upon the general principle before stated. *391 I entertain much doubt, therefore, whether this decree would have been reversed for error, upon appeal; certainly it cannot be held void in a collateral proceeding. Upon the subject of the distinctions between void and voidable, see the case 4 Dana., Bustard vs. Gates and wife, 429; 5 Humph. Stephenson vs. McLean, 332.
We think there is still less in the other grounds of objection to the decree as rendering it void.
We must, therefore, affirm the judgment of the circuit court.